23364

James T. GLASSCOCK, Appellant v. Linda S. GLASSCOCK, Respondent.
(403 S.E. (2d) 313)

Supreme Court

*Joseph T. McElveen, Jr.* and *Terrell T. Horne,* both of *Bryan, Bahnmuller, King, Goldman & McElveen,* Sumter, *for appellant.*

*John O. McDougall,* of *Weinberg, Brown & McDougall,* Sumter, and *C. Dixon Lee, III,* of *McLaren & Lee,* Columbia, *for respondent.*

Heard Feb. 4, 1991.

Decided March 11, 1991.

GREGORY, Chief Justice:

This appeal is from a family court order awarding attorney's fees. We affirm as modified.

The total marital estate in this case is valued at nearly $2.8 million. In the final decree, the award to respondent (Wife), including alimony and her equitable share in marital assets, was approximately $1.6 million dollars. At the hearing on Wife's request for attorney's fees, Wife's attorney submitted affidavits that his fee based on an hourly rate totalled $51,998.75. The hourly rates were: $125 per hour for his services; $75 per hour for his associate's services; $150 per hour for both attorneys working together; $25 per hour for paralegal time. Wife's attorney testified that after the final decree was entered Wife agreed to pay $150,000 as a reasonable fee. He justified the amount in excess of the hourly rate as an allowable increase for the beneficial results accomplished on his client's behalf.

At the hearing, Wife's attorney also produced three expert witnesses. They opined that based upon the results achieved on Wife's behalf, a fee ranging between $150,000 and $173,000 was reasonable considering that Wife received a total recovery in excess of $1.6 million. The family court found $150,000 was a reasonable fee. Husband appeals on the ground the fee is excessive because it exceeds the hourly rate and is in effect a "contingency fee" based on the amount recovered for the client.

We agree with Husband that a domestic lawyer's fee may not be contingent upon the amount recovered on the client's behalf. Rule 407(1.5)(d)(1), SCACR, forbids "any fee in a domestic relations matter, the payment or amount of which is contingent upon ⁝ . . . the amount of alimony or support, or property settlement in lieu thereof. . . ." Wife's attorney argues an increase based on the results achieved is not a real contingency fee because the client is obligated to pay the hourly rate even if the action is not successful. We reject this argument since Rule 407(1.5)(d)(1) expressly forbids a fee made proportionate to the *amount* recovered for the client.

In reaching this conclusion, we clarify the six factors cited by this Court in determining a reasonable attorney's fee:

(1) the nature, extent, and difficulty of the case;
(2) the time necessarily devoted to the case;
(3) professional standing of counsel;
(4) contingency of compensation;
(5) beneficial results obtained;
(6) customary legal fees for similar services.

*Donahue v. Donahue*, 299 S.C. 353, 384 S.E. (2d) 741 (1989). While "contingency of compensation" is an appropriate factor considered in awarding attorney's fees, the contingency to be considered is whether the party on whose behalf the services were rendered will be able to pay the attorney's fee if an award is not made. Further, the factor "beneficial results obtained" merely aids in determining whether an award is appropriate when considering whether the services of a lawyer facilitated a favorable result. Neither of these factors endorses use of a percentage fee. To the extent *Darden v. Whitham*, 263 S.C. 183, 209 S.E. (2d) 42 (1974), is inconsistent with this opinion, it is hereby overruled. We expressly disapprove any percentage fee agreement in a domestic case.

Further, we hold that a fee award must be based upon a reasonable hourly fee. Applying the above six factors to determine an appropriate fee award, the reasonableness of the hourly rate shall be determined according to: (1) the professional standing of counsel; and (2) the customary legal fees for similar services. The reasonableness of the number of hours billed shall be determined according to: (1) the nature, extent, and difficulty of the case; and (2) the time necessarily devoted to the case.[1]

Applying these factors here, we find the total hourly fee of $51,998.75 reasonable and affirm the award of attorney's fees in this amount. We dispose of the remaining exceptions pursuant to Supreme Court Rule 23. The judgment of the family court is

---

[1] As discussed above, the remaining factors, "contingency of compensation" and "beneficial results obtained" are to be considered in determining *whether* an award should be made. In making this determination, the abilities of the parties to pay, their respective financial conditions, and the effect of the at-

Affirmed as modified.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.

torney's fees on each party's standard of living are also to be considered. *Mitchell v. Mitchell*, 283 S.C. 87, 320 S.E. (2d) 706 (1984).