THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Domenic J. DeMichele,       
Respondent,
 
 
 

v.

 
 
 
Linda Sue Burke DeMichele,       
Appellant.
 
 
 

Appeal From Florence County
R. Kinard Johnson, Jr., Family Court 
 Judge

Unpublished Opinion No. 2003-UP-158  
Submitted January 13, 2003  Filed February 25, 2003 

AFFIRMED AS MODIFIED

 
 
 
Janet T. Butcher, of Columbia; for Appellant.
Allen C. Pate, of Florence; for Respondent.
 
 
 

PER CURIAM:  Linda Sue Burke DeMichele (Wife) 
 appeals the family court order granting a divorce to Domenic J. DeMichele (Husband), 
 arguing the family court erred (1) in its valuation of Husbands medical practice; 
 and (2) in offsetting Wifes share of the equitably divided marital estate by 
 the amount of Husbands attorney fees, suit money, and costs.  We affirm as 
 modified. [1] 
Husband and Wife married in May 1989.  Their only 
 child was born in April 1990.  In November 1999, Husband sued Wife for 
 divorce on the grounds of adultery.  Among other things, he sought equitable 
 division of their marital property and attorney fees.  Wifes answer and counterclaim 
 included an admission of adultery.  
The family court issued an order in December 
 2000 that granted Husbands request for divorce of the ground of adultery.  
 The family court order also equitably divided the marital estate valuing Husbands 
 medical practice at $250,302.00.  To effect the division of the marital estate, 
 the family court found Husband owed Wife $44,142.75 towards the apportionment 
 of the marital estate.  It also found Wife owed Husband $62,778.78, consisting 
 of (1) attorney fees and costs totaling $26,278.78; (2) private investigator 
 fees of approximately $34,000.00; and (3) damage to an automobile estimated 
 at $2,500.00.  Noting Wife was unable to pay the sum, the family court sought 
 to compensate Husband by offsetting the $44,142.75 he owed Wife by the $62,778.78 
 she owed him.  In awarding attorney fees and costs to Husband, the family court 
 made numerous findings including considerations of the beneficial result obtained 
 for Husband and Wifes ability to pay the award.  
I.
Wife argues the valuation placed by the 
 family court on Husbands interest in his medical practice is unsupported by 
 credible evidence.  We disagree.
The family court has wide discretion in determining 
 how marital property is to be distributed. 
 [2]   In so doing, it may use any reasonable means to divide the property 
 equitably . . . . [3]   An appellate court will affirm 
 the family courts valuation of marital property if it is within the range of 
 the evidence presented. [4]   
 The family court may accept one partys valuations of marital property over 
 those of the other party. [5]   

Here, each party presented testimony concerning 
 the value of Husbands medical practice.  Husbands witnesses provided testimony 
 supporting a finding that his interest in the medical practice was worth approximately 
 $261,938.81. [6]   Wifes expert estimated the worth of the medical 
 practice at $500,000.00.  The family court determined that the value of the 
 practice was $250,302.00, which is within the range of evidence presented.  
 We therefore find the family court did not abuse its discretion in valuing Husbands 
 medical practice.
Both parties concede that the family court made 
 a mathematical error by reducing the valuation by $11,363.10.  We therefore 
 modify this finding by valuing Husbands interest in the medical practice at 
 $261,938.81.  
II.
By attacking the propriety of the award of attorney 
 fees, suit money, and costs, Wife next contends that the family court erred 
 in offsetting her share of the marital estate by the amount of Husbands attorney 
 fees and costs.  We disagree.  
In determining whether to award attorney fees, 
 the court should consider the parties ability to pay their own fees, 
 the beneficial results obtained by the attorney, the parties respective financial 
 conditions, and the effect of the fees on each partys standard of living. [7]   South Carolina Code section 20-3-130(H) provides 
 that the court, from time to time after considering the financial resources 
 and marital fault of both parties, may order one party to pay a reasonable amount 
 to the other for attorney fees. [8] 
 
Here, Wife contends that in making its finding 
 concerning the beneficial results obtained, the family court failed to consider 
 that Wife admitted her adulterous behavior, the basis upon which Husband sought 
 a divorce.  We find this argument unavailing.  The fact remains that Husband 
 initiated an action seeking divorce on the basis of adultery and prevailed. [9] 
Wife further argues that the family court failed 
 to consider Husbands earning ability as a physician and its impact on his ability 
 to pay, as well as how requiring her to pay Husbands legal expenses would affect 
 her standard of living.  A family courts consideration of a partys ability 
 to pay is but one of the factors the family court should consider when awarding 
 attorney fees. [10]   No one 
 factor is determinative.  The family court stated it took into consideration 
 the factors set forth in Glasscock, 
 [11] as well as the ethical consideration in section 20-3-130(H). 
 [12]   We find no abuse of discretion in offsetting Husbands attorney fees.
The decision of the family court is AFFIRMED AS MODIFIED.
GOOLSBY, HUFF, and SHULER,
JJ., concur.

 
 [1]   We decide this case without oral argument pursuant 
 to Rule 215, SCACR.

 
 [2]   Murphy v. Murphy, 319 S.C. 324, 329, 461 
 S.E.2d 39, 41 (1995).  

 
 [3]   Id. at 329, 461 S.E.2d at 41-42.  

 
 [4]   Smith v. Smith, 327 S.C. 448, 454, 486 
 S.E.2d 516, 519 (Ct. App. 1997).  

 
 [5]   Id.

 
 [6]   
       
 
 
 
 Value of Partnership
 Interest 
  $274,899.72
 
 
 +                    Accounts Receivable  
  103,128.00
 
 
 Subtotal
 378,027.72
 
 
 -          Husbands 50% equity in PA 
 
 (116,088.91)
 
 
 Net Value
 $261,938.81
 
 
 
 Husbands witness testified that the partnership had 
 a negative balance of $232,177.81, one-half of which he ascribed to Husband.  
 In calculating Husbands one-half interest, the family court erroneously found 
 it equaled $127,725.00, rather than $116,088.91.  

 
 [7]   E.D.M. v. T.A.M., 307 S.C. 471, 476-77, 
 415 S.E.2d 812, 816 (1992) (citing Glasscock v. Glasscock, 304 
 S.C. 158, 403 S.E.2d 313 (1991)); Doe v. Doe, 324 S.C. 492, 505, 478 
 S.E.2d 854, 861 (Ct. App. 1996).

 
 [8]   S.C. Code Ann. § 20-3-130(H) (Supp. 2002).

 
 [9]   Cf. Medlin v. King, 294 S.C. 406, 
 409, 365 S.E.2d 36, 38-39 (Ct. App. 1988) (holding that Kings attorney fees 
 were properly denied, although King testified about her limited means, because 
 in determining if attorney fees were warranted, the family court was free 
 to consider additional factors, including most notably the result obtained).

 
 [10]   An award of attorney[ ] fees and costs is 
 a discretionary matter not to be overturned absent abuse by the trial court.  
 Donahue v. Donahue, 299 S.C. 353, 365, 384 S.E.2d 741, 748 (1989).

 
 [11]   Glasscock v. Glasscock, 304 S.C. 158, 
 403 S.E.2d 313 (1991).

 
 [12]   S.C. Code Ann. § 20-3-130(H) (Supp. 2002).