THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
 In The Court of Appeals

 
 
 
 Suzannah Force Long,        Respondent,
 
 
 

v.

 
 
 
 James Neel Long,        Appellant.
 
 
 

Appeal From Greenville County
 Aphrodite K. Konduros, Family Court Judge

Unpublished Opinion No. 2005-UP-165
 Submitted February 1, 2005  Filed March 7, 2005

AFFIRMED

 
 
 
 Joseph M. Ramseur, Jr., of Greenville, for Appellant.
 Robert M. Rosenfeld, of Greenville, for Respondent.
 
 
 

PER CURIAM:  James Neel Long (Husband) appeals the family courts order denying his request to terminate or modify his obligation to pay alimony to his former wife, Suzannah Force Long (Wife), refusing to terminate his obligation to maintain a life insurance policy naming Wife as beneficiary, and refusing to award attorneys fees and costs.  We affirm.[1]
FACTS
Husband and Wife divorced in 1998 and entered into a voluntary agreement that the family court incorporated into its divorce order.  Pursuant to the agreement, Husband deeded all rights to the marital residence to Wife, and Wife assumed sole responsibility for payment of the first mortgage.  Husband agreed to pay Wife periodic alimony in the amount of $1,100 per month.  The agreement stated the alimony was payable directly to Wife, was not considered income to Wife, and if Husband was late, Wife could compel payment through the family court without a hearing.  The parties also agreed that: 

 [T]he completion of the formal education of both of the parties children and/or the satisfaction of the first mortgage on the marital residence referenced above, shall be considered a change of circumstance for the parties; however, there is no agreement as to any type of specific monetary relief which will be afforded Husband upon the happening of these events.

Husband also agreed to maintain $200,000 in life insurance with Wife and children as alternate beneficiaries as long as he was obligated to pay alimony.  
In August 2002, Wife initiated this action and sought to hold Husband in contempt for failure to pay alimony and requested an increase in alimony.  Husband counterclaimed seeking termination or modification of alimony based upon a change in circumstances. Both parties requested costs and attorneys fees.  
The family court issued an order denying both parties requests for modification of alimony.  The court found neither party had met the burden to warrant an increase or decrease in alimony.  Although the family court terminated Husbands obligation to maintain a life insurance policy for the benefit of his children, the family court left intact Husbands obligation to maintain life insurance for the benefit of his Wife because his alimony obligation was not terminated.  Additionally, the family court ordered each party to bear his or her own attorneys fees.  Husband appeals.  
STANDARD OF REVIEW
Questions regarding alimony lie within the sound discretion of the family court and will not be disturbed on appeal absent an abuse of discretion.  Bryson v. Bryson, 347 S.C. 221, 224, 553 S.E.2d 493, 495 (Ct. App. 2001).  An abuse of discretion occurs when the decision is controlled by some error of law or is based on findings of fact that are without evidentiary support.  Id.  
LAW/ANALYSIS
I.                  Alimony
Husband argues the family court erred in failing to terminate or modify his alimony obligation.  We disagree.
An award of periodic alimony may be modified pursuant to section 20-3-170 of the South Carolina Code (1985). That statute provides:

 Whenever [a spouse] . . . has been required to make his or her spouse any periodic payments of alimony and the circumstances of the parties or the financial ability of the spouse making the periodic payments shall have changed since the rendition of such judgment, either party may apply to the court which rendered the judgment for an order and judgment decreasing or increasing the amount of such alimony payments or terminating such payments . . . .

To justify modification or termination of an alimony award, the changes in circumstances must be substantial or material. Eubank v. Eubank, 347 S.C. 367, 372, 555 S.E.2d 413, 416 (Ct. App. 2001).
Husband argues that a change has occurred because Wife satisfied the mortgage on the marital residence and voluntarily retired early at age fifty-three, thereby diminishing her income.  However, Wife asserted that during the marriage the parties had planned for her to retire from her job as a full-time teacher when she reached retirement age.  At the time of the divorce, Wife earned a gross monthly income of $2,859, and her monthly expenses totaled $3,023.50.  At the time of the hearing, she received a monthly retirement benefit of $1,802.47, and her monthly expenses had increased to $3,235.67.  At the time of the divorce, Husband earned a gross monthly income of $7,500, subject to monthly withholding for income taxes, Social Security, and insurance.  His gross monthly expenses were $4,452, including $2,000 he paid in alimony and child support.  At the time of the final hearing, Husbands gross monthly income had increased to $9,083.  His monthly gross expenses included a $2,293.97 monthly mortgage payment on the house he shares with his current wife.  
Pursuant to the parties agreement, completion of the childrens education or the mortgage satisfaction only indicates a circumstance when alimony may be reviewed, specifically leaving the ultimate decision to the discretion of the family court.  The agreement did not provide for a conclusive change upon the mere occurrence of one of these stipulations.  The family court found Husband did not meet his burden to warrant a reduction in alimony.  Although Wife no longer has a mortgage payment, she still pays taxes and insurance and her overall expenses have increased slightly.  These factors, coupled with the fact that Husbands gross monthly income has increased substantially, indicate no abuse of discretion by the family court in refusing modification.  
II.               Life Insurance
Husband also argues the family court erred by failing to terminate his obligation to maintain life insurance naming Wife as the beneficiary.  We disagree.
In the original divorce action, the parties reached an agreement resolving contested issues that the family court incorporated into its order.  The family court found the parties entered into the agreement freely and voluntarily, had ample time to consider every provision of the agreement, and fully understood the agreement.  Husband agreed, pursuant to the agreement, that he would maintain a life insurance policy naming Wife as beneficiary for so long as his obligation to pay alimony remained.  Since we hold the family court did not err in refusing to modify alimony, the family court correctly ordered Husband to maintain the life insurance policy as previously ordered.
III.           Attorneys Fees
Husband argues the family court erred by refusing to award him attorneys fees and costs.  We disagree.
Ordinarily, the award of attorney fees lies within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. McElveen v. McElveen, 332 S.C. 583, 601, 506 S.E.2d 1, 10 (Ct. App. 1998). The factors to be considered in awarding reasonable attorney fees and costs include: (1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) the professional standing of counsel; (4) the contingency of compensation; (5) the beneficial results obtained; and (6) the customary legal fees for similar services. Glasscock v. Glasscock, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991).  In deciding whether to award attorneys fees, the family court should consider the parties ability to pay their own fees, the beneficial results obtained by counsel, the respective financial conditions of the parties, and the effect of the fee on each partys standard of living.  E.D.M. v. T.A.M., 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992).
We find the family court properly considered the factors in declining to award attorneys fees.  We disagree with Husbands contention the family court erred in finding both he and Wife achieved beneficial results.  Wife obtained beneficial results in regard to both alimony and the life insurance policy. Therefore, we find no abuse of discretion in the family courts decision regarding the award of attorneys fees.   
AFFIRMED.  
 ANDERSON, BEATTY, SHORT, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.