THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED 
ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Sabrina E. Walker, Respondent,
 v.
 Kenneth A. Walker, Appellant.
 
 
 

Appeal From Greenville County
Rochelle W. Conits, Family Court Judge
Unpublished Opinion No. 2010-UP-478
Submitted November 1, 2010  Filed November 1, 2010
AFFIRMED

 
 
 
 O.W. Bannister, of Greenville, for Appellant.
 Michael J. Anzelmo, of Columbia; Megan Griffith Sandefur, of 
 Myrtle Beach; and Richard N. Tapp, of Greenville, for 
 Respondent.
 
 
 

PER CURIAM:  In this domestic action, Kenneth A. Walker (Husband) 
appeals the family court's order awarding Sabrina E. Walker (Wife) $5,000 in 
alimony and $15,000 in attorney's fees. We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the 
following authorities:  
1.   As to whether the family court erred in awarding Wife $5,000 in 
alimony: S.C. Code Ann. § 20-3-130(C) (Supp. 2009) (identifying the factors the 
family court must consider in awarding alimony); Browder v. Browder, 382 
S.C. 512, 518-19, 675 S.E.2d 820, 823 (Ct. App. 2009) ("An award of alimony 
rests within the sound discretion of the family court and will not be disturbed 
absent an abuse of discretion.  An abuse of discretion occurs if the 
court's ruling is controlled by an error of law or if the ruling is based upon 
findings of fact that are without evidentiary support.") (internal citations 
omitted).
2.   As to whether the family court erred in awarding Wife $15,000 in 
attorney's fees: S.C. Code Ann. § 63-3-530(A)(38) (2010) ("Suit money, including 
attorney's fees, may be assessed for or against a party to an action brought in 
or subject to the jurisdiction of the family court."); Davis v. Davis, 
372 S.C. 64, 88, 641 S.E.2d 446, 458 (Ct. App. 2006) ("An award of attorney's 
fees lies within the sound discretion of the family court and will not be 
disturbed on appeal absent an abuse of discretion."); E.D.M. v. T.A.M., 
307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992) ("In determining whether an 
attorney's fee should be awarded, the following factors should be considered: (1) the party's ability to pay his/her own attorney's fee; (2) 
beneficial results obtained by the attorney; (3) the parties' respective 
financial conditions; and (4) effect of the attorney's fee on each party's 
standard of living."); Glasscock v. Glasscock, 304 S.C. 158, 161, 403 
S.E.2d 313, 315 (1991) ("[T]he six factors . . . in determining a reasonable 
attorney's fee:  (1) the nature, extent, and difficulty of 
the case; (2) the time necessarily devoted to the case; (3) professional 
standing of counsel; (4) contingency of compensation; (5) beneficial results 
obtained; [and] (6) customary legal fees for similar services.").
AFFIRMED.
FEW, C.J., SHORT and WILLIAMS, JJ., concur.

[1] We decide this case without 
oral argument pursuant to Rule 215, SCACR.