THIS OPINION HAS NO
 PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 William J.
 Delozier, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Mary Joan
 Delozier, Appellant.
 
 
 
 
 

Appeal From Beaufort County
Gerald C. Smoak, Jr., Family Court Judge

Unpublished Opinion No. 2011-UP-085  
 Submitted February 1, 2011  Filed March
1, 2011

AFFIRMED AS MODIFIED

 
 
 
 H. Fred Kuhn, Jr., of Beaufort, for
 Appellant.
 William J. Delozier, pro se, of
 Simpsonville, for Respondent.
 
 
 

PER CURIAM: Mary
 Joan Delozier (Wife) appeals a family court order modifying a divorce decree
 entered between her and William J. Delozier (Husband).  Wife argues the family
 court erred in (1) calculating her award of retroactive child support and (2)
 denying her attorney's fees and costs.   We affirm as modified.[1]
I.  Retroactive
 Child Support
Wife contends the family court erred in calculating the total amount
 of her retroactive child support.  We agree and modify the order to reflect the correct total.
"The decision to award retroactive child
 support rests in the sound discretion of the family court."  Engle v. Engle,
 343 S.C. 444, 453, 539 S.E.2d 712, 716 (Ct. App. 2000).  "[A]bsent an abuse of discretion,
 [that decision] will not be disturbed on appeal. 
 An abuse of discretion occurs when the court['s
 decision] is controlled by some error of law or where
 the order, based upon the findings of fact, is without evidentiary
 support."  Id. at 448-49, 539 S.E.2d at 714.  
Here, the family court's
 calculation of monthly, retroactive child support had evidentiary support.  The
 family court found Wife's monthly income constituted $3,500 from alimony and
 $975 from employment.  Moreover, the family court found Husband's income
 was $7,000 per month and granted Husband a credit of $285 per month for health
 insurance he paid for his minor children.  The child support worksheet used
 these figures, and both the worksheet and the final order showed Wife was
 entitled to child support of $242 per month.  Therefore, the family court's
 order properly granted Wife monthly, retroactive child support of $242. 
Although the family court properly
 granted the figure for monthly, retroactive child support, the family court
 erred in calculating the total amount of Wife's retroactive child support.  The
 family court granted retroactive support from June 26, 2006, through December 7,
 2007, and it found the total retroactive support owed was $1,452.  However, the
 length of that period and the $242 figure granted for monthly, retroactive
 support show the total grant of $1,452 resulted from a mathematical
 miscalculation.  Therefore, the family court's grant of total, retroactive
 support was without evidentiary support, and using the monthly figure of $242, Wife
 was entitled to a total amount of $4,356.  Accordingly, we affirm the family
 court's award of retroactive child support but modify the order to grant the
 correct total amount of retroactive child support$4,356.
II. Attorney's
 Fees
Wife argues the family court
 abused its discretion in denying her request for attorney's fees and costs
 because the family court (1) erroneously applied Rule
 1.5, RPC, Rule 407, SCACR, and Glasscock v. Glasscock, 304 S.C. 158, 403
 S.E.2d 313 (1991), in deciding whether to grant attorney's fees and costs and
 (2) did not provide sufficient findings of fact and conclusions of law under
 Rule 26(a), SCRFC.  We disagree.  
"The family
 court has discretion in deciding whether to award attorney's fees, and its decision
 will not be overturned absent an abuse of discretion.  An abuse of discretion
 occurs when the decision is controlled by an error of law . . . ."  Feldman v. Feldman, 380 S.C. 538, 546, 670 S.E.2d 669, 673 (Ct. App.
 2008).  Whether a family court should grant
 attorney's fees depends upon four factors: "(1) the party's ability to pay
 his/her own attorney's fee; (2) beneficial results obtained by the attorney;
 (3) the parties' respective financial conditions; [and] (4) [the] effect of the
 attorney's fee on each party's standard of living."  E.D.M. v. T.A.M.,
 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992).  
Here, the family court's citation of Glasscock and
 Rule 1.5 did not reflect a use of the incorrect legal standard because the court's
 order listed the four factors from E.D.M. for whether to grant
 attorney's fees and costs.  Moreover, the family court made sufficient findings
 in denying Wife attorney's fees and costs.  The family court found the parties obtained
 beneficial results from their attorneys and could pay their attorney's fees and
 costs.  Even if those findings were insufficient by themselves, considering the
 order in its entirety we find the family court's decision was sufficiently based
 upon all of the E.D.M. factors, including the parties' financial
 conditions and standards of living.  Therefore, the family court did not abuse
 its discretion in denying Wife's request for attorney's fees and costs.  
AFFIRMED AS MODIFIED.
WILLIAMS,
 GEATHERS, and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.