**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Pamela D. Harrison, Appellant,

v.

Jackie Dale Harrison, Respondent.

Appellate Case No. 2010-164267

---

Appeal From Spartanburg County
Alex J. Kinlaw, Jr., Family Court Judge

---

Unpublished Opinion No. 2012-UP-394
Heard June 4, 2012 – Filed June 27, 2012

---

**REVERSED AND REMANDED**

---

Kenneth C. Anthony, Jr., of The Anthony Law Firm, PA
of Spartanburg, for Appellant.

Richard H. Rhodes, of Burts, Turner & Rhodes, and John
B. White, of Harrison, White, Smithe & Coggins, PC,
both of Spartanburg, for Respondent.

---

**PER CURIAM:** In this appeal from a divorce decree, Pamela D. Harrison (Wife) argues the family court erred in its equitable division of the marital estate and

award of attorney's fees to Jackie Dale Harrison (Husband). We reverse and remand.

1. Equitable Division

Wife argues the family court made numerous errors in its equitable division of the marital estate that together resulted in a substantial unfairness to Wife. We agree.

We find the family court erred in placing a value of $1,161.13 on the parties' timeshare and assigning this value to Wife. Wife listed the value of the Palace Resorts timeshare as the same as its debt, and Husband acknowledged the debt.

The family court assigned the value of the parties' First National bank account with a balance of $1,689.01 to Wife. This account held the security deposits from the tenants of the parties' rental properties. The family court's order appears to not recognize that these funds would be returned to the tenants upon their vacating the properties or would be transferred to the new owners of the rental properties once they were sold.

The family court erred in ordering Husband to reimburse Wife for only half of the costs of the prescriptions in the amount of $368.00. When Wife paid for medical expenses, she filed claims with Husband's insurance provider, which then issued reimbursement checks to Husband because he was the named insured. Wife is entitled to all of the funds the insurance provider paid to reimburse the expenses she paid.

In its order the family court provided Husband was to reimburse Wife $530.50 for property taxes. Wife submitted into evidence the receipt for $1,268.69 she paid for the taxes on the marital home. Although we believe the family court intended to divide the bill equally, it erred in the amount it ordered Husband to pay.

The family court erred in failing to consider the parties' payment to the Internal Revenue Service. On the date of filing, the First National business checking account contained a balance of $27,680. The check for the parties' IRS payment of $18,507, which had been written before the filing, cleared the account on April 24, 2009. Using the balance on the date of filing, the family court awarded Husband $20,340 from the checking account and ordered Wife to pay husband within 90 days of the filing of the order. It made no provision for the IRS payment, which was a marital debt.

The family court appears to have failed to recognize Husband had already received substantial sums of money from the parties' money market account after the date of the filing. Although Husband admitted in his affidavit Wife transferred approximately $10,000 from their money market account to him after the filing of this action, the family court valued the account at the full amount as of the date of the filing of this action and ordered Wife to pay Husband this amount.

We find the family court erred in failing to award Wife the undisputed items of personal property on her Exhibit 18, which Husband conceded she could have. In addition, by giving Wife only the listed items and Husband the remaining items of personal property, the family court awarded Husband a disproportionate amount of the personal property.

In light of the above errors, we remand the matter to the family court for reconsideration of its equitable division of the marital estate. Although we do not necessarily find reversible error in Wife's remaining issues, the family court may reconsider these issues on remand.

2. Attorney's Fees

Based on our remand of the equitable division issue, we reverse and remand the issue of attorney's fees as well. *See Eason v. Eason*, 384 S.C. 473, 482, 682 S.E.2d 804, 808 (2009) (holding the family court should reconsider the issue of attorney's fees on remand based on the appellate court's disposition of another issue on appeal). On remand, the family court shall give appropriate consideration to all factors stated in *Glasscock v. Glasscock*, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991), and set forth specific findings of fact and conclusions of law to support its decision as required by Rule 26(a), SCRFC.

**REVERSED AND REMANDED.**

**FEW, C.J., and HUFF and SHORT, JJ., concur.**