**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Carole Leigh Budreau, Respondent,

v.

Lawrence Thomas Budreau, Appellant.

Appellate Case No. 2011-185426

Appeal From Greenwood County
W. Marsh Robertson, Family Court Judge

Unpublished Opinion No. 2012-UP-516
Submitted August 1, 2012 – Filed September 12, 2012

**AFFIRMED**

Billy J. Garrett, Jr., of the Garrett Law Firm, P.C., of Greenwood, and Debra S. Tedeschi, of the Tedeschi Law Firm, P.A., of Columbia, for Appellant.

Scarlet B. Moore, of Scarlet B. Moore, of Greenville, for Respondent.

**PER CURIAM:** Husband appeals the family court's order granting Wife a divorce on the grounds of adultery, arguing (1) insufficient evidence of inclination exists; (2) the award of alimony should be reversed because insufficient evidence supports imputing an annual income of $48,000.00 to Husband; and (3) the order

contains insufficient evidence to support awarding Wife attorney fees. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to whether the court erred in finding sufficient evidence of inclination: *Gorecki v. Gorecki*, 387 S.C. 626, 633, 693 S.E.2d 419, 422 (Ct. App. 2010) ("Because of the 'clandestine nature' of adultery, obtaining evidence of the commission of the act by the testimony of eyewitnesses is rarely possible, so direct evidence is not necessary to establish the charge."); *Brown v. Brown*, 379 S.C. 271, 278, 665 S.E.2d 174, 178 (Ct. App. 2008) ("[A]dultery may be proven by circumstantial evidence that establishes both a disposition to commit the offense and the opportunity to do so."); *Bodkin v. Bodkin*, 388 S.C. 203, 212, 694 S.E.2d 230, 235 (Ct. App. 2010) ("Because the family court is in a superior position to judge the witnesses' demeanor and veracity, its finding should be given broad discretion." (citation and internal quotation marks omitted)); *Gorecki*, 387 S.C. at 633-34, 693 S.E.2d at 423 (finding when "the evidence is conflicting and susceptible of different inferences, it becomes the family court's duty to determine not only the law of the case but the facts as well because the family court observed the witnesses and could determine how much credence to give each witness's testimony"); *McElveen v. McElveen*, 332 S.C. 583, 599, 506 S.E.2d 1, 9 (Ct. App. 1998) (affirming the family court's finding that the husband failed to present sufficient evidence to prove his wife committed adultery, and noting, "the able trial [court], which heard several days of testimony and observed first-hand the demeanor of the many witnesses in this case, was in a better position than this court to determine the credibility of those witnesses").

2.      As to whether the court erred in imputing an annual income of $48,000.00 to Husband: *Grumbos v. Grumbos*, 393 S.C. 33, 42, 710 S.E.2d 76, 81 (Ct. App. 2011) ("It is well-settled in South Carolina that an award of alimony should be based on the payor spouse's earning potential rather than merely his current, reported earnings." (citation and internal quotation marks omitted)); *id.* ("If the obligor spouse has the ability to earn more income than he is in fact earning, the court may impute income according to what he could earn by using his or her best efforts to gain employment equal to his capabilities, and an award of alimony based on such imputation may be a proper exercise of discretion even if it exhausts the obligor spouse's actual income." (citation and internal quotation marks omitted)); *Spreeuw v. Barker*, 385 S.C. 45, 65-66, 682 S.E.2d 843, 853-54 (Ct.

_____

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

App. 2009) (upholding the income the family court imputed to the father in a child support case because the veracity of the father's financial declaration was questionable and the family court's calculation of income was supported by evidence).

3.       As to whether the order contains sufficient evidence to support the award of attorney fees: *Buist v. Buist*, Op. No. 4982 (S.C. Ct. App. filed June 6, 2012) (Shearouse Adv. Sh. No. 19 at 124, 135-36) (finding the issue of whether the family court made sufficient findings of fact regarding the *Glasscock*[2] factors was not preserved because the husband did not object to the wife's affidavit of attorney fees).

**AFFIRMED.**

**SHORT, KONDUROS, and LOCKEMY, JJ., concur.**

---

[2] *Glasscock v. Glasscock*, 304 S.C. 158, 403 S.E.2d 313 (1991).