**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

Michael J. Kimner, Respondent,

v.

Audrey L. Kimner, Appellant.

Appellate Case No. 2015-002051

———————

Appeal From Berkeley County
Jan B. Bromell Holmes, Family Court Judge

———————

Unpublished Opinion No. 2017-UP-456
Submitted November 1, 2017 – Filed December 6, 2017

———————

**AFFIRMED**

———————

James R. Snell, Jr. and Vicki D. Koutsogiannis, both of
Law Office of James R. Snell, Jr., LLC, of Lexington, for
Appellant.

Jerry N. Theos and Margaret T. Guerry, both of Uricchio,
Howe, Krell, Jacobson, Toporek, Theos & Keith, PA, of
Charleston, for Respondent.

———————

**PER CURIAM:** Audrey L. Kimner (Wife) appeals the family court's final order
arguing the court erred in (1) failing to make sufficient findings of fact and
conclusions of law; (2) suspending contact with her two minor children; (3)

refusing to lift her bench warrant; (4) granting her counsels' motion to be relieved; and (5) awarding Michael J. Kimner (Husband) attorney's fees. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to whether the family court erred in (1) failing to make sufficient findings of fact and conclusions of law; (2) suspending Wife's contact with the two minor children; (3) refusing to lift Wife's bench warrant; and (4) granting Wife's counsels' motion to be relieved: *Crossland v. Crossland*, 408 S.C. 443, 451, 759 S.E.2d 419, 423 (2014) ("In appeals from the family court, this [c]ourt reviews factual and legal issues de novo."); *id.* ("Thus, this [c]ourt has jurisdiction to find facts in accordance with its own view of the preponderance of the evidence; however, this broad scope of review does not require the [c]ourt to disregard the findings of the family court, which is in a superior position to make credibility determinations."); *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review."); *Dixon v. Dixon*, 362 S.C. 388, 399, 608 S.E.2d 849, 854 (2005) (holding that an issue first raised in a post-trial motion is not preserved for appellate review).

2.      As to whether the family court erred in awarding Husband attorney's fees: *Henggeler v. Hanson*, 333 S.C. 598, 601-02, 510 S.E.2d 722, 724 (Ct. App. 1998) ("On appeal from the family court, this court has jurisdiction to correct errors of law and find facts in accordance with its own view of the preponderance of the evidence."); *Dickert v. Dickert*, 387 S.C. 1, 10, 691 S.E.2d 448, 452 (2010) (providing the decision whether to award attorney's fees is a matter within the sound discretion of the family court); *E.D.M. v. T.A.M.*, 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992) (holding that in determining whether to award attorney's fees, the court should consider the following factors: "(1) the party's ability to pay his ... own attorney's fee; (2) beneficial results obtained by the attorney; (3) the parties' respective financial conditions; [and] (4) effect of the attorney's fee on each party's standard of living"); *Glasscock v. Glasscock*, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991) (holding that when determining the reasonableness of a fee award, the court should consider the following factors: "(1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; [and] (6) customary legal fees for similar services").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and HUFF and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.