**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Debra D. Lauer, Respondent,

v.

Leslie Nicole Brooks and Bradford Scott Price, Defendants,

Of Whom Leslie Nicole Brooks is the Appellant.

Appellate Case No. 2016-001768

---

Appeal From Lexington County
Angela R. Taylor, Family Court Judge

---

Unpublished Opinion No. 2019-UP-292
Submitted May 1, 2019 – Filed August 14, 2019

---

**REVERSED AND REMANDED**

---

Jean Perrin Derrick, of Lexington, for Appellant.

Debra D. Lauer, of Lexington, pro se.

---

**PER CURIAM:** Leslie Nicole Brooks (Mother) appeals the family court's order denying Debra Lauer's (Grandmother's) claim for visitation of Mother's minor son (Child). On appeal, Mother argues the family court erred by failing to award her

attorney's fees; Grandmother did not appeal the family court's denial of her claim for visitation. We reverse and remand.

On appeal from the family court, this court reviews factual and legal issues de novo. *Stoney v. Stoney*, 422 S.C. 593, 596, 813 S.E.2d 486, 487 (2018).

In determining whether attorney's fees should be awarded, the following factors should be considered: "(1) the party's ability to pay his/her own attorney's fee; (2) [the] beneficial results obtained by the attorney; (3) the parties' respective financial conditions; [and] (4) [the] effect of the attorney's fee on each party's standard of living." *E.D.M. v. T.A.M.*, 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992).

Under section 63-3-530(A)(33) of the South Carolina Code (Supp. 2018), if the parents of the child are living separately and the grandparent has been unreasonably denied the ability to see the child for over ninety days, the family court can order grandparent visitation if the award of visitation would not interfere in the parent-child relationship and the family court finds (1) the child's parents are unfit or (2) there are compelling circumstances to overcome the presumption that the parent's decision is in the child's best interest. Here, the family court found Grandmother failed to establish evidence in support of either of the two prongs. It found "there was no evidence [Mother was] unfit" and "there was no compelling evidence presented to overcome the presumption that [Mother] was acting in [Child's] best interest." In addition to Mother's beneficial results on the visitation claim, Grandmother withdrew her claim for custody at the beginning of the hearing. Mother also prevailed at the two *pendente lite* hearings Grandmother sought and in her motion to compel discovery. In defense of Grandmother's action for custody or visitation, Mother incurred attorney's fees in the amount of $19,447.37. At the time of the final hearing, Mother had $110 in her bank account, and she received $1,544 a month in income in the form of social security survivor benefits. Conversely, Grandmother declared a gross monthly income of $2,875 from her job, and she had $23,000 in her bank account, an annuity valued at $340,000, inherited real estate valued at $92,000, and she owned her residence which was valued at $120,000. In light of Mother's limited income, her owed attorney's fees would have a significant impact on her standard of living, and that of Child and Sibling. *See E.D.M.*, 307 S.C. at 476-77, 415 S.E.2d at 816 (stating the family court should consider "[the] effect of the attorney's fee on each party's standard of living" when determining whether to award attorney's fees). Based on the foregoing, we reverse the family court's denial of attorney's fees and remand to the family court to determine the amount of reasonable attorney's fees after

considering the factors set out in *Glasscock v. Glasscock*, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991).[1]

**REVERSED AND REMANDED.**[2]

**LOCKEMY, C.J., and SHORT and MCDONALD, J.J., concur.**

---

[1] Although the family court also denied Mother's request for attorney's fees against Father in its final order, Mother only argues on appeal that the family court erred by denying her attorney's fees against Grandmother.  Thus, on remand, the family court should consider only the attorney's fees associated with the litigation between Mother and Grandmother.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.