**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Amanda J. Beach, Appellant,

v.

Daniel A. Beach, Respondent.

Appellate Case No. 2022-000544

———————

Appeal From York County
Thomas Henry White, IV, Family Court Judge

———————

Unpublished Opinion No. 2024-UP-020
Heard October 10, 2023 – Filed January 17, 2024

———————

**REVERSED**

———————

Michael Benjamin Smith, of Morton & Gettys, LLC, of Rock Hill, for Appellant.

Thomas M. Neal, III, of Law Offices of Thomas M. Neal, III, of Columbia; and April Dawn Porter, of Law Office of April D. Porter, P.C., of Rock Hill, both for Respondent.

———————

**PER CURIAM:** Amanda J. Beach (Mother) appeals family court orders granting a portion of her requested attorney's fees and denying her motion to alter or amend the judgment. On appeal, Mother argues the family court erred in (1) considering

the financial impact of an attorney's fee award on the parties when deciding whether to award attorney's fees and in determining a reasonable award and (2) denying her motion to alter or amend the judgment. We reverse.

Based on a de novo review, we hold the family court erred in awarding Mother only $5,000 of her requested fees of over $23,000. *See Stone v. Thompson*, 428 S.C. 79, 92, 833 S.E.2d 266, 272 (2019) (stating an appellate court reviews "a family court's award of attorney's fees de novo"). Daniel A. Beach (Father) alleged approximately ninety instances of contempt against Mother, and although he did not pursue all of them at the contempt hearing, Mother incurred attorney's fees to defend against all of the allegations. Further, the family court found Father failed to prove Mother was in contempt based on any of the allegations Father pursued at the hearing. Accordingly, we reverse the family court's award and grant Mother $14,000 in attorney's fees. *See Glasscock v. Glasscock*, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991) (stating that when determining a reasonable amount of attorney's fees to award, the family court should consider the following factors: "(1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; [and] (6) customary legal fees for similar services"); *Daily v. Daily*, 432 S.C. 608, 632, 854 S.E.2d 856, 869 (Ct. App. 2021) (holding the family court erred in setting the amount of attorney's fees to award the mother because the court only awarded the mother a small portion of her requested attorney's fees, custody cases involving relocation were difficult, and the father's refusal to undergo an evaluation and conduct on the witness stand increased the difficulty and length of the case).[1]

**REVERSED.**

**MCDONALD and VINSON, JJ., and LOCKEMY, A.J., concur.**

---

[1] Based on our holding that the family court erred in setting the amount of attorney's fees, which was generally preserved after the family court ruled on Mother's request for attorney's fees, we decline to address whether the family court erred in denying Mother's motion to alter or amend the judgment on a faulty procedural premise.