**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Angel Smith, Respondent,

v.

Wade Smith, Appellant.

Appellate Case No. 2023-000150

———————

Appeal From Spartanburg County
Thomas T. Hodges, Family Court Judge

———————

Unpublished Opinion No. 2025-UP-191
Submitted May 1, 2025 – Filed June 11, 2025

———————

**AFFIRMED**

———————

Kenneth Philip Shabel, of Kennedy & Brannon, P.A., of
Spartanburg, for Appellant.

Paul C. MacPhail, of MacPhail Law Firm, LLC, of
Spartanburg, for Respondent.

Haley McKenna Williams, of Williams Law, LLC, of
Gaffney, as the Guardian ad Litem.

———————

**PER CURIAM:** Wade Smith (Husband) appeals the family court's order granting
Angel Smith (Wife) attorney's fees. On appeal, Husband argues the family court

erred in awarding Wife $8,000 in attorney's fees because the award was either unsupported by relevant case law or constituted an unreasonable amount. We affirm pursuant to Rule 220(b), SCACR.

We hold the family court did not err in awarding Wife attorney's fees because Husband failed to show that the family court's findings were made in error or were unsubstantiated by the evidence. *See Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011) ("The family court is a court of equity."); *Stone v. Thompson*, 428 S.C. 79, 91, 833 S.E.2d 266, 272 (2019) ("Appellate courts review family court matters de novo, with the exceptions of evidentiary and procedural rulings."); *Weller v. Weller*, 434 S.C. 530, 537, 863 S.E.2d 835, 838 (Ct. App. 2021) ("[T]his court may find facts in accordance with its own view of the preponderance of the evidence."); *Lewis*, 392 S.C. at 385-86, 709 S.E.2d at 652-53 (finding that, although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony); *Weller*, 434 S.C. at 538, 863 S.E.2d at 838 ("The appellant maintains the burden of convincing the appellate court that the family court's findings were made in error or were unsubstantiated by the evidence."). To the contrary, the facts support awarding attorney's fees in the amount of $8,000. Wife was evicted from the marital residence during the litigation of the case and was unable to maintain her standard of living prior to receiving aid from her parents. Husband testified he lived with his paramour, who financially contributed to his listed expenses. Wife obtained beneficial results when granted custody of their minor child, permanent periodic alimony, and child support, and Husband was found in contempt for nonpayment of spousal and child support. Additionally, the attorney's fees award reasonably reflected the time Wife's counsel spent on the case prior to trial in tandem with his hourly rate, while excluding fees paid by Wife to counsel and prior counsel. *See E.D.M. v. T.A.M.*, 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992) ("In determining whether an attorney's fee should be awarded, the following factors should be considered: (1) the party's ability to pay his/her own attorney's fee; (2) beneficial results obtained by the attorney; (3) the parties' respective financial conditions; [and] (4) effect of the attorney's fee on each party's standard of living."); *Glasscock v. Glasscock*, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991) (providing the factors to be considered when determining a reasonable attorney's fee are "(1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; [and] (6) customary legal fees for similar services").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and GEATHERS and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.