**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Barry Dale Smith, Jr., Appellant,

v.

Candace McElveen Smith, Respondent.

Appellate Case No. 2022-000572

———————————

Appeal From Clarendon County
Angela J. Moss, Family Court Judge

———————————

Unpublished Opinion No. 2025-UP-432
Submitted November 1, 2025 – Filed December 23, 2025

———————————

**AFFIRMED**

———————————

John Stephen Keffer, of A Business Law Firm, of Sumter, for Appellant.

Candace McElveen Smith, of Turbeville, pro se.

William Andrew Wallace Buxton, of The Law Office of William A.W. Buxton, LLC, of Sumter, as the Guardian ad Litem.

———————————

**PER CURIAM:**  Barry Dale Smith, Jr., (Husband) appeals the family court's final order in a divorce action he filed against Candace McElveen Smith (Wife) seeking additional relief including attorney's fees and equitable division of assets.  On appeal, Husband argues the family court erred in awarding Wife a tract of land because it failed to consider applicable statutory factors.  He also avers Wife's marital misconduct and her lack of contribution to the land demonstrate that distribution of the land to Husband was equitable.  Additionally, Husband argues the family court erred in awarding Wife attorney's fees and investigator's fees because it failed to consider her misconduct and her greater ability to pay the fees.  We affirm pursuant to Rule 220(b), SCACR.[1]

1.  We hold the family court did not err in awarding Wife the land.  *See Stone v. Thompson*, 428 S.C. 79, 91, 833 S.E.2d 266, 272 (2019) ("Appellate courts review family court matters de novo, with the exceptions of evidentiary and procedural rulings.").  Insofar as Husband argues the family court failed to consider applicable statutory factors, we find the court performed the requisite analysis using the factors enumerated in section 20-3-620(B) of the South Carolina Code (2014).  *See* § 20-3-620(B) (stating that in apportioning marital property, the family court "must give weight in such proportion as it finds appropriate to all of the following factors: (1) the duration of the marriage . . . ; (2) marital misconduct or fault of either or both parties . . . ; (3) the value of the marital property, . . . [and] [t]he contribution of each spouse to the acquisition, preservation, depreciation, or appreciation in value of the marital property . . . ; (4) the income of each spouse, the earning potential of each spouse, and the opportunity for future acquisition of capital assets; (5) the health, both physical and emotional, of each spouse; (6) the need of each spouse or either spouse for additional training or education in order to achieve that spouse's income potential; (7) the nonmarital property of each spouse; (8) the existence or nonexistence of vested retirement benefits for each or either spouse; (9) whether separate maintenance or alimony has been awarded; (10) the desirability of awarding the family home . . . to the spouse having custody of any children; (11) the tax consequences to each or either party as a result of any

---

[1] Respondent did not file a brief.  Although this court may take any action it deems proper, including reversal, when a respondent fails to timely file a brief, we believe the record on appeal is sufficient for this court to affirm.  *See* Rule 208(a)(4), SCACR ("Upon the failure of respondent to timely file a brief, the appellate court may take such action as it deems proper."); Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the Record on Appeal.").

particular form of equitable apportionment; (12) the existence and extent of any support obligations . . . ; (13) liens and any other encumbrances upon the marital property . . . ; (14) child custody arrangements and obligations at the time of the entry of the order; and (15) such other relevant factors as the trial court shall expressly enumerate in its order").  As to Husband's argument that he should have been awarded the land based upon Wife's marital misconduct and her lack of contribution, we find a preponderance of the evidence supports the fairness of awarding Wife the land.  *See Brown v. Brown*, 412 S.C. 225, 235, 771 S.E.2d 649, 654 (Ct. App. 2015) ("In reviewing a division of marital property, an appellate court looks to the overall fairness of the apportionment."); *Daily v. Daily*, 432 S.C. 608, 618, 854 S.E.2d 856, 862 (Ct. App. 2021) ("[T]he appellant bears the burden of convincing the appellate court that the family court committed an error or that the preponderance of the evidence is against the family court's findings.").

2.  We hold the family court did not err in awarding Wife attorney's fees and investigator's fees.  *See Daily*, 432 S.C. at 631, 854 S.E.2d at 868 ("Appellate courts review a family court's award of attorney's fees de novo.").  Although Husband contends the family court failed to consider the factors set forth in *E.D.M. v. T.A.M.*[2] and *Glasscock v. Glasscock*,[3] we find the court analyzed the award and reasonableness of attorney's fees under *E.D.M.* and *Glasscock*, respectively; further, we find the evidence supports awarding Wife attorney's and investigator's fees.  *See E.D.M.*, 307 S.C. at 476-77, 415 S.E.2d at 816 (stating that in determining an award of attorney's fees, the family court considers "(1) the party's ability to pay his/her own attorney's fee; (2) beneficial results obtained by the attorney; (3) the parties' respective financial conditions; [and] (4) [the] effect of the attorney's fee on each party's standard of living"); *Glasscock*, 304 S.C. at 161, 403 S.E.2d at 315 (requiring the family court consider "(1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; [and] (6) customary legal fees for similar services" in determining the reasonableness of attorney's fees); *see also Daily*, 432 S.C. at 630-31, 854 S.E.2d at 868 (recognizing "a litigant's uncooperative and evasive behavior" may impact the reasonableness of fees).

**AFFIRMED.**[4]

---

[2] 307 S.C. 471, 415 S.E.2d 812 (1992).
[3] 304 S.C. 158, 403 S.E.2d 313 (1991).
[4] We decide this case without oral argument pursuant to Rule 215, SCACR.

**WILLIAMS, C.J., and THOMAS and CURTIS, JJ., concur.**