1058

Irene S. TAYLOR, Appellant v. James Edward TAYLOR, Respondent.

(363 S. E. (2d) 909)

Court of Appeals

William T. Toal, of *Johnson, Toal & Battiste*, Columbia, for appellant.

*James Edward Taylor, pro se.*

Heard Nov. 18, 1987.

Decided Dec. 7, 1987.

SHAW, Judge:

Appellant-wife, Irene S. Taylor, initiated this action to hold respondent-husband, James Edward Taylor, in contempt for failure to pay child support. We affirm as modified.

On December 2, 1980, the wife obtained a divorce from the husband. The divorce decree and order found the husband in arrears in child support payments pursuant to previous orders and ordered the husband to purge himself of any contempt by paying the arrearages. It further ordered the husband to pay $35 per child per week in child support to be reduced by one-half any time the two minor children remained with him for more than thirty consecutive days.

On May 9, 1986, the court issued an order pursuant to a Rule to Show Cause why the husband should not be held in contempt for failure to comply with the December 1, 1980 order. At the hearing on this Rule to Show Cause, the husband testified the two children, a son and a daughter, came to live with him in June of 1982. The children stayed with him until November of 1984 when the wife moved back into town and both children went to live with her. In March of 1985, the son moved back in with the husband and was still living with him at the time of the hearing.

The husband testified and the wife admitted that from 1982 until 1984 he made significant contributions and expenditures for both children. Neither party testified as to arrearages or expenditures prior to 1982.

On August 11, 1986, the family court judge issued an order finding the husband had purged himself of any arrearages in child support up to the summer of 1982. He also found the husband in contempt for failure to pay child support for the daughter for 17 months totaling ($2,380). He also found the husband in arrears of ($560) for the four month period the son lived with the wife. He further found the husband should be credited with ($350) he paid on behalf of the daughter, finding a total arrearage of ($2,590) to be paid off at the rate of ($60) per month.

The wife first contends the trial court erred in calculating the arrearage on the basis of 4 weeks in a month as opposed to 52 weeks in a year. We agree. The calculation used by the trial judge ignores the fact there are more than 4 weeks in most months. We think the better approach when support is reduced to weekly figures is to calculate it on the basis of 52 weeks in a year. At $35 per month, the amount of support per child comes out to ($1,820) per year or ($151.67) per month. The husband was in arrears for a total of 21 months for the two children. Therefore, his actual arrearage was ($3,185) less the ($350) credit, or ($2,835). The trial judge found a total arrearage of ($2,590). We therefore modify the trial judge's finding of arrearage so as to increase the amount to ($2,835).

The wife next contends the trial court erred in finding the husband had purged himself of any arrearages in child support up to the summer of 1982. She argues the court had no authority to eliminate these arrearages as the only issue before the court was whether the husband was in contempt. The Rule to Show Cause issued by the court necessarily raised the issue of the existence of arrearage. The wife claimed the husband was in contempt because of his failure to make child support payments. The issue was therefore essentially raised by the wife. Therefore, the wife had the burden of putting forth evidence on this matter.

The wife next argues the husband was in arrears for the 1980 to 1982 period and this court should reinstate that arrearage. There is no evidence in the record showing any pre-1982 arrearage. The wife claims the trial judge had the payment record before him, however this does not appear in the record either. This court will not consider any fact not appearing in the Transcript of Record. Supreme Court Rule 8 § 7. The burden is on the appellant to furnish a sufficient record on appeal from which this court can make an intelligent review. *Windham v. Honeycutt,* 290 S. C. 60, 348 S. E. (2d) 185 (Ct. App. 1986). We therefore find no error in the trial judge's finding on pre-1982 arrearage.

Finally, the wife argues the trial judge failed to impose a sufficient sanction for contempt. She claims the husband should not be allowed to stretch out the payments of the ordered arrearage by paying ($60) a month.

The determination of contempt is within the discretion of the trial judge and will not be disturbed in the absence of plain abuse of that discretion. *Jackson v. Jackson*, 241 S. C. 1, 126 S. E. (2d) 855 (1962).

The evidence indicates, and the trial judge found, the husband was in a perilous financial situation. He sentenced him to six months in jail but provided he could purge himself by paying ($60) per month. By ordering the husband to pay the arrearage in this manner, he was ensuring the payments could be made by him. The primary purpose of civil contempt is to exact compliance with the court's order, not to punish the contemnor. *McMiller v. McMiller*, 77 N. C. App. 808, 336 S. E. (2d) 134 (1985). Although a family court is empowered to find and punish for contempt, there is no requirement that sanctions be imposed upon such a finding. *Sutton V. Sutton*, 291 S. C. 401, 353 S. E. (2d) 884 (Ct. App. 1987).

We find no abuse of discretion.

Affirmed as modified.

SANDERS, C. J., and CURETON, J., concur.