THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 

PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 B.W. Supply, Inc. d/b/a Johnstone Supply, Inc., Respondent,
 v.
 Summit Builders, Inc., Appellant.
 
 
 

Appeal from Florence County
 J. Michael Baxley, Circuit Court Judge
Unpublished Opinion No. 2007-UP-191
Submitted April 2, 2007  Filed April 26, 2007

AFFIRMED

 
 
 
 Wesley D. Peel, of Columbia, for Appellant.
 D. Malloy McEachin, Jr., of Florence, for Respondent.
 
 
 

PER CURIAM:  Summit Builders, Inc. appeals the trial courts determination that it is equitably estopped from asserting the defense of statute of limitations, arguing the trial court erred in failing to grant a directed verdict based on the applicable statute of limitations and finding it was equitably estopped from asserting such defense.  We affirm.[1]  
FACTS
On March 4, 1998, Summit Builders, as the general contractor, entered into a contract with Johnstone Supply, Inc. to construct a building in Murrells Inlet, South Carolina.  Summit Builders began construction shortly thereafter, and work was completed on the building in the fall of 1999.  However, problems with the concrete floor began to surface in 1998.  A letter was sent on September 30, 1998, alerting Summit Builders that there was a problem with the concrete floor because there was too much organic material in it.  This problem was corrected shortly thereafter. 
 
However, additional problems with the concrete floor later developed.  Testimony showed that these problems were different than the problem corrected in 1998.  The later problems involved cracking and crumbling concrete making it unfit for its intended use.  There is conflicting evidence as to when these problems were discovered.  Some evidence showed these problems became noticeable in 2001.  Johnstone Supplys Answers to Interrogatories stated that the problem at issue in the instant case was discovered sometime in 2000 by Jim Wood, a partner in Johnstone Supply.  At trial, Wood stated the problem began in 2001 but became a more serious issue in 2003.  However, in Woods affidavit he indicates that the problem arose in the spring or early summer of 2003.  The problems were mentioned to Summit Builders on several occasions and Summit Builders indicated that someone would take a look and see what needed to be done.  No repairs were ever made.  A letter dated June 5, 2003, noted that Johnstone Supply was making final payment but had concerns about the concrete floor.  The letter stated that final payment was only being made because of the warranty that had been provided.  Another letter dated August 5, 2003, indicated that the problem remained and requested Summit Builders make the repairs. 
 
On February 24, 2004, Johnstone Supply commenced this lawsuit against Summit Builders for breach of contract and breach of warranty.  A bench trial was held on December 5, 2005.  After hearing counsels arguments and the testimony of witnesses, the trial court denied Summit Builders motion for a directed verdict based on the applicable statute of limitations.  The trial court denied the motion based on its findings that Summit Builders was equitably estopped from asserting a statute of limitations defense because of its actions in failing to fix the concrete problem when they were repeatedly asked to look at the problem.  It is unclear from the record whether the trial court felt the Complaint was filed beyond the statute of limitations.  This appeal followed. 
 
LAW/ANALYSIS
Summit Builders argues the trial court erred in failing to grant a directed verdict based on the applicable statute of limitations.  However, in the record provided on appeal the only ruling of the trial court holds that Summit Builders was estopped from asserting the statute of limitations.[2]  Nowhere within the record before us is there a ruling by the trial court as to whether the statute of limitations had in fact expired on Johnstone Supplys cause of action.  Summit Builders also contends the trial court erred in holding it was equitably estopped from asserting the defense of statute of limitations.  While the record indicates the trial judge ruled on the issue of estoppel, the record does not include the arguments raised by either party to the trial court.  Because of the deficiencies in the record before us, this court is unable to discern whether the trial judge ruled whether the statute of limitations had in fact expired, or whether the arguments advanced by Summit Builders on appeal were actually presented to the trial court.  Accordingly, we find these issues are not adequately preserved for review, and the record is insufficient to enable this court to make an intelligible review.  See In the Interest of Michael H., 360 S.C. 540, 546, 602 S.E.2d 729, 732 (2004) (holding that issues must be raised and ruled upon in the trial court to be preserved for appellate review);  Taylor v. Taylor, 294 S.C. 296, 299, 363 S.E.2d 909, 911 (Ct. App. 1987) (providing the burden is on appellant to furnish a sufficient record on appeal from which this court can make an intelligent review.).
For the reasons stated herein, the trial courts decision is 
 
AFFIRMED.  

HUFF, BEATTY, and CURETON, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] All that is provided in the record as to the trial courts final determination are two pages from the trial transcript.  The two pages from the trial transcript provide the trial courts ruling as to estoppel but do not contain the arguments raised to the trial court prior to its ruling.  Further, there is no final written order provided in the record before this court.