663 S.E.2d 58

**MICHAEL SCOTT B. and Andrea M., Respondents,**

v.

**MELISSA M., Everett H., and Dylan & Grace, Minors Under the Age of Seven (7) Years, Defendants,**

**of whom Melissa M. is Petitioner.**

No. 26507.

Supreme Court of South Carolina.

Heard May 6, 2008.

Decided June 23, 2008.

454

Richard H. Rhodes, of Burts, Turner, Rhodes and Thompson, of Spartanburg and Joseph K. Maddox, Jr., of Spartanburg, for Petitioner.

James Fletcher Thompson, of Spartanburg, for Respondents.

Susan A. Fretwell, of Fretwell Law Firm, of Spartanburg, for Guardian Ad Litem.

PER CURIAM.

Michael Scott B. and Andrea M. (respondents) filed an action in 2004 seeking to terminate Melissa M.'s (petitioner's) parental rights (TPR) and seeking to adopt petitioner's two children. After a final hearing in 2006, the family court terminated petitioner's parental rights and granted respondents' request to adopt the children. Additionally, the family court ordered respondents, the ultimate prevailing party, to pay petitioner's attorney's fees in the amount of $16,000. The parties cross-appealed to the Court of Appeals, and the Court of Appeals affirmed the family court's TPR order but vacated the award of attorney's fees. *Scott B. v. Melissa M.*, Op. No.2007–UP–109 (S.C. Ct.App. filed March 6, 2007). We granted certiorari solely on the issue of attorney's fees and now reverse.

## FACTS

Petitioner is the mother of two minor children, and Respondents are the sister and brother-in-law of petitioner. Petitioner's struggles with depression and drug abuse, leading to several suicide attempts and subsequent hospitalizations, were the basis for TPR.

Shortly after respondents filed the TPR action, the family court appointed an attorney to represent petitioner. In petitioner's Answer and Counterclaim, she requested attorney's fees for the defense of the action.

During the TPR hearing, respondents' counsel stated that he did not object to the payment of petitioner's attorney's fees by a third-party other than respondents. At the conclusion of the TPR hearing, the family court judge granted petitioner's counsel's request to submit an attorney's fee affidavit.

The family court issued its final order in which the family court terminated petitioner's parental rights based on two statutory grounds: S.C.Code Ann. § 20–7–1572(4), (6) (Supp. 2005). The family court further determined that TPR was in the children's best interests. The order required respondents to pay $16,000 for petitioner's attorney's fees.

The Court of Appeals vacated the award of attorney's fees to petitioner that were to be paid by respondents, finding that S.C.Code Ann. § 20–7–420 (Supp.2005) provided the family court with a basis for awarding attorney's fees to a spouse in marital litigation, but it did not apply to private actions for TPR.

## ISSUE

Did the Court of Appeals err by vacating the award of attorney's fees?

## ANALYSIS

Petitioner argues the Court of Appeals erred in vacating the award of attorney's fees. We agree.

Attorney's fees are not recoverable unless authorized by contract or statute. *S.C. Dept. of Soc. Serv. v. Tharp*, 312 S.C. 243, 245, 439 S.E.2d 854, 856 (1994).

The Court of Appeals erred by holding that § 20–7–420 does not provide a statutory basis to award attorney's fees in a private action for TPR.[1] Section 20–7–420(4) provides the family court with jurisdiction to hear and determine private actions for TPR. Additionally, § 20–7–420(38) provides that "[s]uit money, including attorney's fees, may be assessed for or against a party to an action brought in or subject to the jurisdiction of the family court." Section 20–7–420(38) grants the family court general jurisdiction to award attorney's fees, and because there is no specific statute precluding attorney's fees in a TPR action instituted by a private party, the family court did not err in awarding attorney's fees. *See Spartanburg County Dept. of Soc. Serv. v. Little*, 309 S.C. 122, 420 S.E.2d 499 (1992) (Section 20–7–420(38) grants family court general authority to award attorney's fees against parties subject to the court's jurisdiction, but a more specific statute precluding attorney's fees may determine the authority to award fees).

■ Respondents argue that even if there was statutory authority to award petitioner's attorney's fees, the family court abused its discretion in awarding attorney's fees. We disagree.

■■ The decision to award attorney's fees is a matter within the sound discretion of the trial judge, and the award will not be reversed on appeal absent an abuse of discretion. *Marquez v. Caudill*, 376 S.C. 229, 656 S.E.2d 737 (2008). The factors used to determine a reasonable attorney's fee are: (1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; (6) customary legal fees for similar services. Id. (citing *Glasscock v. Glasscock*, 304 S.C. 158, 403 S.E.2d 313 (1991)).

All six *Glasscock* factors support an award of attorney's fees to petitioner. This was a difficult case in which petitioner strongly fought the termination of her parental rights, and her appointed attorney devoted nearly two years to the case. The

---

1. Respondents concede that statutory authority exists to award attorney's fees.

trial judge, in his order, commended petitioner's attorney for serving his client's interests well. Furthermore, respondents do not challenge the reasonableness of the amount of fees requested by petitioner's counsel.

Respondents' main objections to the award of attorney's fees are the lack of a beneficial result for the petitioner and their assertion that petitioner has the ability to pay the fees. As to the beneficial result, although petitioner did not ultimately prevail on the TPR action, she was able to procure visitation rights with her children while the TPR/adoption proceedings were pending.[2] Even though petitioner had her parental rights terminated, her failure to ultimately prevail, standing alone, does not preclude an award of attorney's fees. *Upchurch v. Upchurch,* 367 S.C. 16, 624 S.E.2d 643 (2006).

As to petitioner's ability to pay the fees, she was unemployed, being treated for depression, and had just been discharged from the hospital when the action was filed. She had not worked since April 2004, and after being discharged from a mental health facility and subsequently enrolling in a technical college, petitioner did not resume full-time employment until December 2005. The record supports the finding that in light of petitioner's financial difficulties, respondents should be responsible for petitioner's attorney's fees.

Accordingly, a review of the *Glasscock* factors weighs in favor of awarding petitioner her attorney's fees.

## CONCLUSION

The Court of Appeals erred in finding no statutory authority existed under § 20–7–420 to support an award of attorney's fees. Furthermore, the attorney's fees award was proper.

**REVERSED.**

TOAL, C.J., MOORE, WALLER, PLEICONES and BEATTY, JJ., concur.

---

2. The children had been removed from the home following an emergency hearing held after the filing of the TPR/adoption action.