**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Suzanne Hackett and Kevin Hackett, Appellants,

v.

Alejandra Hurdle Harless, Respondent.

In Re: L.D.H., a minor.

Appellate Case No. 2015-002188

---

Appeal From Lexington County
Tarita A. Dunbar, Family Court Judge

---

Unpublished Opinion No. 2017-UP-117
Submitted January 30, 2017 – Filed March 2, 2017

---

**AFFIRMED**

---

James Fletcher Thompson, of James Fletcher Thompson, LLC, of Spartanburg, for Appellants.

William Y. Rast, Jr., of William Y. Rast, Jr. Esq., of West Columbia, for Respondent.

---

**PER CURIAM:** Suzanne Hackett and Kevin Hackett (collectively, the Hacketts) appeal the family court's order denying their request for the termination of Alejandra Harless's (Mother) parental rights to her minor child (Child). On appeal,

the Hacketts argue the family court erred because (1) Mother wilfully failed to support Child, (2) Mother had a diagnosable condition unlikely to change within a reasonable time, (3) termination of parental rights (TPR) was in Child's best interest, and (4) an award of attorney's fees and costs to Mother was improper. We affirm.[1]

"In appeals from the family court, this [c]ourt reviews factual and legal issues de novo." *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011). Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, who saw and heard the witnesses, was in a better position to evaluate their credibility. *Lewis v. Lewis*, 392 S.C. 381, 384-85, 709 S.E.2d 650, 651-52 (2011).

The family court may order TPR upon finding one or more of twelve statutory grounds is satisfied and TPR is in the best interest of the child. S.C. Code Ann. § 63-7-2570 (Supp. 2016). The grounds for TPR must be proven by clear and convincing evidence. *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).

We find the Hacketts did not present clear and convincing evidence showing Mother wilfully failed to support Child. *See* § 63-7-2570(4) (providing a statutory ground for TPR is met when "[t]he child has lived outside the home of either parent for a period of six months, and during that time the parent has wilfully failed to support the child"); *Parker*, 336 S.C. at 254, 519 S.E.2d at 354 ("A ground for termination of parental rights must be proved by clear and convincing evidence."). Based upon the evidence in the record, Mother made $8.04 per hour in 2015 and netted a loss of $372 per month in 2014. During the times Child was out of Mother's care for six or more months, Mother contributed shoes, clothes, sheets, food stamps, and money to Child.[2] *See* § 63-7-2570(4) ("A material contribution consists of either financial contributions *according to the parent's means* or contributions of food, clothing, shelter, or other necessities for the care of the child *according to the parent's means*." (emphases added)). Additionally, Mother testified the Hacketts turned down her requests to support Child and never asked for support; the family court found this testimony credible. *See Stinecipher*

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

[2] We disagree with the Hacketts' argument Mother's food stamp contribution did not constitute material support. *See* § 63-7-2570(4) ("A material contribution consists of either financial contributions according to the parent's means or contributions of food . . . .").

*v. Ballington*, 366 S.C. 92, 100, 620 S.E.2d 93, 97 (Ct. App. 2005) ("[T]he lack of a request [for support can] be considered along with all other relevant circumstances."); *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52 ("[T]he appellate court is not required to disregard the findings of the [family court, which] was in a superior position to make credibility determinations."). Based upon Mother's means and her contributions to Child while Child was in the Hacketts' care, we find clear and convincing evidence does not show Mother wilfully failed to support Child. *See* § 63-7-2570(4) ("The court may consider all relevant circumstances in determining whether or not the parent has wilfully failed to support the child, including requests for support by the custodian and the ability of the parent to provide support."); *Parker*, 336 S.C. at 256, 519 S.E.2d at 355 ("The [family court] is given wide discretion in making this determination. However, the element of wilfulness must be established by clear and convincing evidence." (citation omitted)).

Additionally, we find the record does not contain clear and convincing evidence showing Mother had a diagnosable condition unlikely to change within a reasonable time that made her unlikely to provide minimally acceptable care of Child. *See* § 63-7-2570(6) (providing a statutory ground for TPR is met when "[t]he parent has a diagnosable condition unlikely to change within a reasonable time . . . , and the condition makes the parent unlikely to provide minimally acceptable care of the child"). Reviewing the entire record—including a summary of Mother's medical records (the Summary)—we find clear and convincing evidence does not support a conclusion Mother had a diagnosable condition that made her unlikely to provide minimally acceptable care for Child.[3] Although the

---

[3] We find the family court erred in refusing to admit the Summary into evidence because Mother's medical records were admissible, the 671 pages of medical records were "quite comprehensive," and the Hacketts provided the Summary to Mother and the guardian ad litem (GAL). *See* Rule 7(c), SCRFC (explaining "[t]he written statement by a physician showing that a patient was treated at certain times and the type of ailment" is "admissible in evidence without requiring that the persons or institution issuing the documents or statements be present in court"); Rule 803(4), SCRE (providing "[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment" are not excluded by the hearsay rule); Rule 1006, SCRE ("The contents of voluminous writings . . . [that] cannot conveniently be examined in court may be presented in the form of a . . . summary, . . . provided the underlying data are

expert witness testified Mother had a diagnosable condition of depression, the expert relied upon medical records that were over three years old, and the expert did not personally evaluate Mother.  Instead, the expert concluded Mother "more likely than not" would later experience an occurrence of depression.  Alternatively, the GAL testified Mother stabilized her life and she observed no mental issues with Mother.  Moreover, Mother testified she learned to cope with her depression using various support systems.  Further, Mother had a second child who lived with her, and no evidence showed Mother was unfit to care for that child.  Based upon this testimony, and because the expert's conclusion was based solely upon Mother's mental state over three years prior to the TPR hearing, we find clear and convincing evidence does not exist to support TPR on this ground.  *See S.C. Dep't of Soc. Servs. v. Roe*, 371 S.C. 450, 456, 639 S.E.2d 165, 168-69 (Ct. App. 2006) ("When the diagnosable condition alleged is mental deficiency, there must be clear and convincing evidence . . . this deficiency makes it unlikely that the parent will be able to provide minimally acceptable care of the child.").

Because we find no statutory TPR ground is satisfied, we need not determine whether TPR is in Child's best interest.  *See* § 63-7-2570 ("The family court may order [TPR] upon a finding of one or more of the [statutory] grounds and a finding that termination is in the best interest of the child . . . ."); *Stinecipher*, 366 S.C. at 101 n.7, 620 S.E.2d at 98 n.7 (Ct. App. 2005) ("[A] family court need not reach best interest when no ground for termination exists.").

Finally, we find no error in the family court's award of attorney's fees to Mother.  *See Michael Scott B. v. Melissa M.*, 378 S.C. 452, 456, 663 S.E.2d 58, 60 (2008) ("The decision to award attorney's fees is a matter within the sound discretion of the [family court], and the award will not be reversed on appeal absent an abuse of discretion.").  This court considers the following factors when determining whether an attorney's fee should be awarded in a family court matter: "(1) the party's ability to pay his/her own attorney's fee; (2) [the] beneficial results obtained by the attorney; (3) the parties' respective financial conditions; [and] (4) [the] effect of the attorney's fee on each party's standard of living." *E.D.M. v. T.A.M.*, 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992).  Initially, this court does not need to address

---

admissible into evidence.  The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at reasonable time and place.").

the *Glasscock*[4] factors because the Hacketts do not contest the reasonableness of the attorney's fees. *See Way v. Way*, 398 S.C. 1, 7 n.7, 726 S.E.2d 215, 219 n.7 (Ct. App. 2012) (noting this court need not address matters conceded on appeal). Next, because we affirm the family court's denial of TPR, the *E.D.M.* "beneficial results" factor is met. Finally, we find the remaining three *E.D.M.* factors support awarding attorney's fees. The Hacketts' monthly income was $6,391. Further, the Hacketts admittedly accepted around $1,200 in donations to pay some of their attorney's fees in the underlying matter, and Child's paternal grandparents paid over $22,500 towards the Hacketts' attorney's fees. In contrast, Mother made $8.04 per hour working at a childcare facility, and her monthly expenses exceed her monthly income. *See Marquez v. Caudill*, 376 S.C. 229, 246, 656 S.E.2d 737, 746 (2008) (upholding an award of attorney's fees to a prevailing party in a TPR action when that party did "not have the ability to pay all of the attorney's fees he ha[d] incurred" and his "financial statement showed that almost all of his paycheck [wa]s used to pay bills"). Therefore, the evidence supported the family court's award of attorney's fees to Mother.

**AFFIRMED.**

**WILLIAMS, THOMAS, and GEATHERS, JJ., concur.**

---

[4] *Glasscock v. Glasscock*, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991) (setting forth six factors the court should consider when determining the reasonableness of attorney's fees).