**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Liling Sun, Respondent,

v.

Joseph C. Sun, Appellant.

Appellate Case No. 2015-001107

_____

Appeal From Beaufort County
Timothy H. Pogue, Family Court Judge

_____

Unpublished Opinion No. 2017-UP-313
Submitted June 1, 2017 – Filed July 26, 2017

_____

**AFFIRMED**

_____

Joseph C. Sun, of Bluffton, pro se.

Liling X. Sun, of Spotsylvania, Virginia, pro se.

_____

**PER CURIAM:** Joseph C. Sun appeals the family court's orders dismissing his rule to show cause and denying his motion to reconsider. Sun argues the family court erred by (1) denying his motion to reconsider, (2) dismissing his rule to show cause, (3) awarding attorney's fees to Liling X. Sun, and (4) not adjourning the rule to show cause hearing after thirty minutes. We affirm.[1]

_____

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

1.  As to issues one, two, and four, we find these issues have been abandoned.  *See Fields v. Melrose Ltd. P'ship*, 312 S.C. 102, 106, 439 S.E.2d 283, 285 (Ct. App. 1993) ("An issue raised on appeal but not argued in the brief is deemed abandoned and will not be considered by the appellate court.").

2.  As to issue three, we find the family court did not err in awarding attorney's fees.  *See* S.C. Code Ann. § 63-3-530(A)(38) (2010) (explaining the family court has jurisdiction "to hear and determine an action [in which] either party in his or her complaint, answer, counterclaim, or motion for pendente lite relief prays for the allowance of suit money[,]" including attorney's fees); *Michael Scott B. v. Melissa M.*, 378 S.C. 452, 456, 663 S.E.2d 58, 60 (2008) ("The decision to award attorney's fees is a matter within the sound discretion of the [family court], and the award will not be reversed on appeal absent an abuse of discretion."); *E.D.M. v. T.A.M.*, 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992) (explaining the family court should consider the following factors when determining whether it should award attorney's fees: "(1) the party's ability to pay his/her own attorney's fee; (2) beneficial results obtained by the attorney; (3) the parties' respective financial conditions; [and] (4) effect of the attorney's fee on each party's standard of living"); *Glasscock v. Glasscock*, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991) (providing the family court should consider the following factors when determining the amount of attorney's fees to award: "(1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; [and] (6) customary legal fees for similar services"); *Bowers v. Bowers*, 349 S.C. 85, 98, 561 S.E.2d 610, 617 (Ct. App. 2002) ("Rule 26(a) of the South Carolina Rules of Family Court requires the court to 'set forth the specific findings of fact and conclusions of law to support the court's decision.'" (quoting Rule 26(a), SCRFC)); *Griffith v. Griffith*, 332 S.C. 630, 646-47, 506 S.E.2d 526, 535 (Ct. App. 1998) ("[W]hen an order from the family court is issued in violation of Rule 26(a), SCRFC, the appellate court 'may remand the matter to the trial court or, whe[n] the record is sufficient, make its own findings of fact in accordance with the preponderance of the evidence.'" (quoting *Holcombe v. Hardee*, 304 S.C. 522, 524, 405 S.E.2d 821, 822 (1991))); *Taylor v. Taylor*, 294 S.C. 296, 299, 363 S.E.2d 909, 911 (Ct. App. 1987) ("The burden is on the appellant to furnish a sufficient record on appeal from which this court can make an intelligent review.").

**AFFIRMED.**

**SHORT, WILLIAMS, and KONDUROS, JJ., concur.**