**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Erika Y. Mizell, Appellant,

v.

Benny G. Utley, Respondent.

Appellate Case No. 2017-000183

―――――――――――

Appeal From Sumter County
George M. McFaddin, Jr., Family Court Judge

―――――――――――

Unpublished Opinion No. 2019-UP-135
Submitted February 1, 2019 – Filed April 17, 2019

―――――――――――

**AFFIRMED**

―――――――――――

John Stephen Keffer, of Young, Keffer & Donnald, PA,
of Sumter, for Appellant.

W. James Hoffmeyer, of Law Office of W. James
Hoffmeyer, of Florence, for Respondent.

―――――――――――

**PER CURIAM:** Erika Y. Mizell appeals the family court's order requiring her to pay Benny G. Utley for (1) his share of the marital assets and (2) his attorney's fees

and costs.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to issue one: *Taylor v. Taylor*, 294 S.C. 296, 299, 363 S.E.2d 909, 911 (Ct. App. 1987) ("The burden is on the appellant to furnish a sufficient record on appeal from which this court can make an intelligent review."); *Doe v. Doe*, 370 S.C. 206, 212, 634 S.E.2d 51, 54 (Ct. App. 2006) ("To preserve an issue for appellate review, the issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [family] court.").

2.  As to issue two: *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011) ("In appeals from the family court, this [c]ourt reviews factual and legal issues de novo."); *Lewis v. Lewis*, 392 S.C. 381, 392, 709 S.E.2d 650, 655 (2011) ("[W]hile retaining the authority to make our own findings of fact, we recognize the superior position of the family court . . . in making credibility determinations." (footnote omitted)); *id.* at 391, 709 S.E.2d at 655 (noting the burden of proof is on the "appellant to satisfy the appellate court that the preponderance of the evidence is against the finding of the [family] court"); *Miteva v. Robinson*, 418 S.C. 447, 463-64, 792 S.E.2d 920, 929 (Ct. App. 2016) ("When deciding whether to award attorney's fees, the family court must consider: '(1) the party's ability to pay his/her own attorney's fee; (2) beneficial results obtained by the attorney; (3) the parties' respective financial conditions; [and] (4) [the] effect of the attorney's fee on each party's standard of living.'" (alterations in original) (quoting *E.D.M. v. T.A.M.*, 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992))); *id.* at 464, 792 S.E.2d at 929 ("After finding an award is appropriate, the family court should next consider the amount of attorney's fees to award."); *id.* ("In determining reasonable attorney's fees, the family court should consider: '(1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; [and] (6) customary legal fees for similar services.'" (alteration in original) (quoting *Glasscock v. Glasscock*, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991))); *Donahue v. Donahue*, 299 S.C. 353, 365, 384 S.E.2d 741, 748 (1989) ("[D]ifficulty and lack of cooperation from the [opposing party] . . . serve[] as an additional basis for the award of attorney['s] fees.").

**AFFIRMED.**

**WILLIAMS, GEATHERS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.