**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Sharon Renee Wazney, Respondent,

v.

Robert William Wazney, Appellant.

Appellate Case No. 2016-001342

---

Appeal From Sumter County
Gordon B. Jenkinson, Family Court Judge

---

Unpublished Opinion No. 2019-UP-265
Submitted June 1, 2019 – Filed July 24, 2019

---

**AFFIRMED**

---

Robert William Wazney, of Bishopville, pro se.

William Ceth Land, of Land Parker & Welch, PA, of Manning, for Respondent.

---

**PER CURIAM:** Robert Wazney, pro se, appeals the following family court orders: (1) a March 4, 2016 order of default and (2) an April 8, 2016 decree of divorce and order to bifurcate. We affirm.

1. As to Wazney's contention that the family court violated his due process rights by issuing the aforementioned orders, we decline to address the merits of this issue

because Wazney failed to provide this court with a sufficient record. Specifically, Wazney asserts he moved to vacate the family court's default order pursuant to Rule 60(b)(1), SCRCP; however, the copy of Wazney's motion included in the record on appeal was not filed with the family court. Further, Wazney failed to include an order from the family court addressing the motion. Similarly, the copy of Wazney's motion challenging the decree of divorce and order to bifurcate included in the record on appeal was not filed with family court, and the record does not include an order by the family court addressing the motion. As a result, Wazney has failed to provide this court with a sufficient record on appeal from which this court can make an intelligent review. *See Taylor v. Taylor*, 294 S.C. 296, 299, 363 S.E.2d 909, 911 (Ct. App. 1987) ("The burden is on the appellant to furnish a sufficient record on appeal from which this court can make an intelligent review.").

2. As to Wazney's assertion that the family court lacked jurisdiction to issue the decree of divorce and order to bifurcate because he appealed the prior default order issued against him, we find this argument lacks merit. The family court filed the decree of divorce and order to bifurcate on April 8, 2016, before Wazney served his notice of appeal of the default order on April 28, 2016. *See* Rule 16, SCRFC ("The family court has jurisdiction of the parties and control of all subsequent proceedings from the time of service of the summons and complaint."); Rule 205, SCACR ("Upon the service of the notice of appeal, the appellate court shall have exclusive jurisdiction over the appeal . . . .").

**AFFIRMED.**[1]

**HUFF, THOMAS, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.