**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

George Cleveland, III, Appellant,

v.

Suzanne E. Russell, Respondent.

Appellate Case No. 2016-002450

———————————

Appeal From Oconee County
Karen F. Ballenger, Family Court Judge,

———————————

Unpublished Opinion No. 2019-UP-358
Submitted October 1, 2019 – Filed November 6, 2019

———————————

**AFFIRMED**

———————————

George Cleveland, III, of Seneca, pro se.

Suzanne E. Russell, of Seneca, pro se.

———————————

**PER CURIAM:** George Cleveland, III, appeals the family court's order, finding he and Suzanne E. Russell were not common-law married. Cleveland argues he met his burden of proof because the family court could have inferred from the testimony he presented at the hearing that he and Russell intended to be married.

Cleveland filed a record on appeal, which included the family court's order and one page of his Rule 59(e), SCRCP, motion. The record on appeal did not include the

transcript from the hearing conducted by the family court. Because Cleveland did not produce a sufficient record, we cannot conduct a de novo review. *See Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011) ("In appeals from the family court, this [c]ourt reviews factual and legal issues de novo."); *Taylor v. Taylor*, 294 S.C. 296, 299, 363 S.E.2d 909, 911 (Ct. App. 1987) ("The burden is on the appellant to furnish a sufficient record on appeal from which this court can make an intelligent review."); Rule 210(h), SCACR ("[T]he appellate court will not consider any fact which does not appear in the Record on Appeal.").

**AFFIRMED.**[1]

**SHORT, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.