**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Joe Clemons, Appellant,

v.

Peggy H. Pinnell Agency, Inc.; Peggy H. Pinnell Insurance Agency, Inc.; and State Farm Life Insurance Company, (jointly and severally liable), Respondents.

Appellate Case No. 2021-001183

———

Appeal From Berkeley County
Jennifer B. McCoy, Circuit Court Judge

———

Unpublished Opinion No. 2024-UP-056
Submitted February 14, 2024 – Filed February 21, 2024

———

**AFFIRMED**

———

Joe Clemons, of Eutawville, pro se.

Charles R. Norris, of Whelan Mellen & Norris, LLC, of Charleston, for Respondents.

———

**PER CURIAM:** Joe Clemons appeals the trial court's orders denying his "Motion in Opposition to Defendant's Motion for Directed Verdict" and his motion to reconsider the court's directed verdict in favor of Peggy H. Pinnell Agency, Inc., Peggy H. Pinnell Insurance Agency, Inc., and State Farm Life Insurance Company

(collectively, Respondents).  On appeal, Clemons argues the trial court erred by (1) directing a verdict for Respondents and (2) failing to grant him access to audio recordings from prior hearings.  We affirm pursuant to Rule 220(b), SCACR.

As to Clemons's first issue, we hold Clemons failed to provide this court with a sufficient record upon which this court could conduct an intelligent review of the directed verdict ruling.  *See Taylor v. Taylor*, 294 S.C. 296, 299, 363 S.E.2d 909, 911 (Ct. App. 1987) ("The burden is on the appellant to furnish a sufficient record on appeal from which this court can make an intelligent review.").  Within the only portion of the directed verdict ruling included in the record on appeal, the trial court explains that "there's been zero evidence set forth in this trial of any damages."  Without all of the portions of the trial transcript that are relevant to the directed verdict ruling, this court is unable to review said ruling.  Similarly, this court is unable to review Clemons's sub-issues to issue one because so few of the relevant transcript pages to those sub-issues were designated and provided in the record on appeal.

As to Clemons's second issue, to the extent he argues Judge Bentley D. Price or Judge Roger M. Young Sr. erred in their March 9, June 14, or June 16, 2021 orders by denying him access to the audio recordings of hearings before the circuit court, (1) Clemons's notice of appeal states he is appealing Judge McCoy's September 22, 2021 orders, not the orders from March 9, June 14, or June 16, 2021 and (2) Clemons only attached Judge McCoy's orders to his notice of appeal, not the earlier orders.  Accordingly, the March 9, June 14, and June 16 orders are not properly before this court for consideration.  *See* Rule 203(b)(1), SCACR ("A notice of appeal shall be served on all respondents within thirty (30) days after receipt of written notice of entry of the order or judgment."); Rule 203(d)(1)(B)(ii), SCACR ("The notice filed with the appellate court shall be accompanied by the following: . . . A copy of the order(s) and judgment(s) to be challenged on appeal if they have been reduced to writing . . . ."); *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 14-15, 602 S.E.2d 772, 775 (2004) ("The requirement of service of the notice of appeal is jurisdictional, *i.e.*, if a party misses the deadline, the appellate court lacks jurisdiction to consider the appeal . . . .").  To the extent Clemons contends Judge McCoy erred by refusing to consider his request for the audio recordings during the August 2021 trial, we hold Judge McCoy did not err by finding she could not entertain Clemons's request because one circuit judge may not overrule the order of another.  *See Sellers v. Nicholls*, 432 S.C. 101, 114, 851 S.E.2d 54, 60 (Ct. App. 2020) ("There is a long-standing rule in this State that one judge of the same court cannot overrule another." (quoting *Charleston Cty. Dep't of Soc. Servs. v. Father*, 317 S.C. 283, 288, 454 S.E.2d 307, 310 (1995))).

Finally, on October 30, 2023, Clemons filed a motion requesting oral argument. However, because this court is unable to reach the merits of the issues Clemons raises on appeal—as discussed above—oral argument would not assist in the resolution of this case. Therefore, we deny his motion requesting oral argument.

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and VERDIN, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.