**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Kristie L. Taylor, Quinton Hooks, and George Cleveland, III, Defendants,

Of whom George Cleveland, III, is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2024-000363

---

Appeal From Anderson County
Timothy H. Pogue, Family Court Judge

---

Unpublished Opinion No. 2025-UP-154
Submitted April 28, 2025 – Filed April 30, 2025

---

**AFFIRMED**

---

George Cleveland, III, of Townville, pro se.

Kathryn J. Walsh, of South Carolina Department of Social Services, of Spartanburg, for Respondent.

Kimberly Welchel Pease, of Seneca, for the Guardian ad Litem.

_____

**PER CURIAM:** George Cleveland, III, (Father) appeals the family court's permanency planning order. On appeal, Father argues the family court erred in (1) violating Rule 241 of the South Carolina Appellate Court Rules by holding the permanency planning hearing while his appeal of the removal order was pending, (2) allowing the South Carolina Department of Social Services (DSS) to schedule the hearing in violation of the Separation of Powers doctrine, and (3) depriving Father of his right to due process by imposing treatment deadlines during the pendency of the appeal of the removal order. We affirm pursuant to Rule 220(b), SCACR.

Father's record on appeal did not include the transcript of the permanency planning hearing.[1] Because Father did not produce a sufficient record, we are unable to conduct a de novo review. _See Klein v. Barrett_, 427 S.C. 74, 79, 828 S.E.2d 773, 776 (Ct. App. 2019) ("On appeal from the family court, the appellate court reviews factual and legal issues de novo."); Rule 210(h), SCACR ("[T]he appellate court will not consider any fact which does not appear in the Record on Appeal."); _Taylor v. Taylor_, 294 S.C. 296, 299, 363 S.E.2d 909, 911 (Ct. App. 1987) ("The burden is on the appellant to furnish a sufficient record on appeal from which this court can make an intelligent review.").

**AFFIRMED.**[2]

**KONDUROS, MCDONALD, and VINSON, JJ., concur.**

_____

[1] Because the permanency planning hearing from which this appeal arises was scheduled to occur between two hearings in another DSS action involving Father—but not Child—the family court stated it would handle both matters in the other action before holding the permanency planning hearing. However, the transcript included in the record on appeal ends after the hearings in the other action.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.