**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

D. Peters Wilborn, Jr., Appellant,

v.

Caprice P. Wilborn, Respondent.

Appellate Case No. 2024-000647

Appeal From Charleston County
Michèle Patrão Forsythe, Family Court Judge

Unpublished Opinion No. 2026-UP-253
Submitted April 1, 2026 – Filed May 27, 2026

**AFFIRMED**

William Sylvester Hammett, III, of Cobb, Dill & Hammett, LLC, of Mount Pleasant, for Appellant.

Anne Frances Bleecker, of The Bleecker Law Firm, LLC, of Charleston, for Respondent.

**PER CURIAM:** D. Peters Wilborn, Jr., (Father) appeals a family court order that denied his request for attorney's fees, awarded Caprice P. Wilborn (Mother) expenses through a certain date, and denied his directed verdict motion. On appeal, Husband argues the family court erred in (1) denying his request for attorney's fees; (2) awarding Mother expenses through a certain date; and (3)

denying his directed verdict motion.  We affirm pursuant to Rule 220(b), SCACR.

1.  We hold the family court did not err in denying Father's request for attorney's fees and costs.  *See Stone v. Thompson*, 428 S.C. 79, 92, 833 S.E.2d 266, 272 (2019) (stating an appellate court "reviews a family court's award of attorney's fees de novo").  First, we hold the family court did not err in denying Father's request for attorney's fees and costs under a compensatory contempt theory because Mother, not Father, sought compliance with the court's order.  *See Miller v. Miller*, 375 S.C. 443, 463, 652 S.E.2d 754, 764 (Ct. App. 2007) ("Courts, by exercising their contempt power, can award attorney's fees under a compensatory contempt theory."); *id.* ("Compensatory contempt seeks to reimburse the party for the costs it incurs in forcing the non-complying party to obey the court's orders."); *id.* ("In a civil contempt proceeding, a contemnor may be required to reimburse a complainant for the costs he incurred in enforcing the court's prior order, including reasonable attorney's fees.  The award of attorney's fees is not a punishment but an indemnification to the party who instituted the contempt proceeding." (quoting *Poston v. Poston*, 331 S.C. 106, 114, 502 S.E.2d 86, 90 (1998))); *Curlee v. Howle*, 277 S.C. 377, 386, 287 S.E.2d 915, 919 (1982) ("Compensatory contempt is a money award for the plaintiff when the defendant has injured the plaintiff by violating a previous court order.  The goal is to indemnify the plaintiff directly for harm the contemnor caused by breaching the injunction.  Courts utilize compensatory contempt to restore the plaintiff as nearly as possible to his original position.  Therefore it is remedial." (citation omitted)); *id.* at 387, 287 S.E.2d at 920 ("Therefore, the compensatory award should be limited to the complainant's actual loss.  Included in the actual loss are the costs in defending and enforcing the court's order, including litigation costs and attorney's fees.").  We also hold the family court did not err in denying Father's request for attorney's fees and costs under any other theory.  *See E.D.M. v. T.A.M.*, 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992) ("In determining whether an attorney's fee should be awarded, the following factors should be considered: (1) the party's ability to pay his/her own attorney's fee; (2) beneficial results obtained by the attorney; (3) the parties respective financial conditions; [and] (4) effect of the attorney's fee on each party's standard of living.").

2.  We hold the family court did not err in awarding Mother expenses through December 8, 2020, because the record contains no clear evidence that showed when Mother and Father's son, who was only seventeen years old on December 8, 2020, dropped out of high school and moved to Virginia, and the family court did not find he was emancipated prior to his eighteenth birthday.  *See Stoney v. Stoney*, 422 S.C. 593, 594 n.2, 813 S.E.2d 486, 486 n.2 (2018) (stating an appellate court

reviews factual and legal issues from the family court de novo); *id.* at 595, 813 S.E.2d at 487 (stating de novo review does not relieve an appellant of the burden of showing that the preponderance of the evidence is against the family court's findings); S.C. Code Ann. § 63-3-530(A)(17) (Supp. 2025) (stating the "family court has exclusive jurisdiction . . . [t]o make all orders for support run until further order of the court, except that orders for child support run until the child turns eighteen years of age or until the child is married or becomes self-supporting, as determined by the court, whichever occurs first, or past the age of eighteen years if the child is enrolled and still attending high school, not to exceed high school graduation or the end of the school year after the child reaches nineteen years of age, whichever is later").

3.  We hold Father's argument that the family court erred in denying his directed verdict motion is not preserved for review.  The record on appeal contains a partial transcript from the contempt hearing.  The partial transcript includes Father's argument for, and Mother's argument against, a directed verdict; however, it does not contain the family court's ruling on the motion.  Thus, we hold the issue is not preserved for review.  *See Doe v. Doe*, 370 S.C. 206, 212, 634 S.E.2d 51, 54 (Ct. App. 2006) (stating "an issue must have been raised to and ruled upon by the [family] court" to be preserved for appellate review); *Taylor v. Taylor*, 294 S.C. 296, 299, 363 S.E.2d 909, 911 (Ct. App. 1987) ("The burden is on the appellant to furnish a sufficient record on appeal from which this court can make an intelligent review."); *see also* Rule 210(h), SCACR ("[T]he appellate court will not consider any fact which does not appear in the [r]ecord on [a]ppeal.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.